UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | No. 2:21-MJ- |
| v. | ) | |
| | ) | |
| DONALD FEATHERS | ) | |

## PLEA AGREEMENT PURSUANT TO FRCP 11(c)(1)(C)

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, Donald Feathers, and the defendant's attorney, G. Nicholas Wallace, have agreed upon the following:

1. The defendant will plead guilty to the following count in the information:

   a) **Count One,** Theft of Public Money less than $1,000 (Class A Misdemeanor), in violation of 18 U.S.C. § 641.

   The punishment for this offense is as follows: a term of imprisonment of not more than one (1) year, a fine of up to $100,000.00, or both; up to 1 year of supervised release; and a $25 assessment.

2. The defendant has read the Information, discussed the charges and possible defenses with defense counsel, and understands the crime charged. In order to be guilty, the defendant agrees to the following: as to Count One, the defendant agrees that each of the following elements must be proven beyond a reasonable doubt: (a) the defendant knowingly embezzled, stole, or converted to his own use, money with the intention of depriving the owner of the use or benefit of the money; (b) that the money belonged to the United States; and (c) the value of the money was less than $1,000.

3. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of

1

the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

a. In response to the risks posed to the health and safety of citizens from exposure to hazards associated by the manufacturing of methamphetamine, the State of Tennessee passed laws governing the procedures related to the quarantine, and release therefrom, of properties on which methamphetamine was manufactured. This statutory scheme establishes certain requirements regarding the cleaning of the property as well as for the certification that the quarantine can be lifted. Tennessee Code Annotate 68-212 Part 5 allows the Tennessee Department of Environment and Conservation (TDEC) to develop rules to determine when a property is "Safe for Human Use" again. The United States Environmental Protection Administration (EPA) provides funding and other resources to TDEC to carry out their requirements under the law, and thus the EPA has jurisdiction in this matter.

b. When law enforcement agencies become aware of a clandestine methamphetamine manufacturing event at a property they are able to quarantine the property. When a property is quarantined it is listed on the TDEC Registry of Properties under Order of Quarantine. Once a Certificate of Fitness is issued it is filed with the Register of Deeds in the appropriate County and the law enforcement agency responsible for the quarantine can then lift the quarantine.

c. In developing rules necessary to have a quarantine lifted, TDEC determined criteria for who is authorized to conduct decontamination/cleanup of the quarantined properties. TDEC has also set more stringent criteria for who can certify that the property has been made safe for human use. Feathers was qualified to decontaminate/cleanup up a quarantined property but was not authorized to certify that it is safe.

2

d. Feathers performed cleanup work under this statutory scheme. Feathers also signed off on certificates of fitness that he was not authorized to issue. Feathers was paid for work that he was not qualified to perform under the constructs of the statutory scheme. For example, the defendant performed cleanup work in Carter County, Tennessee in the spring of 2017, and he signed a certificate of fitness for the property on May 22, 2017 and was paid for both the cleanup work as well as for signing the certificate of fitness.

e. For the purposes of this plea agreement, the parties agree that the defendant received money by doing unauthorized work under a government program funded in part by the EPA, and in so doing converted federal funds to his own use/financial gains. Further, for the purposes of this plea agreement the parties agree that was less than $1,000; and that the defendant waives any argument related to statute of limitations for misdemeanors.

4. The defendant is pleading guilty because the defendant is in fact guilty. The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

    a) the right to be indicted by a grand jury for these crimes;

    b) the right to plead not guilty;

    c) the right to a speedy and public trial by jury;

    d) the right to assistance of counsel at trial;

    e) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

    f) the right to confront and cross-examine witnesses against the defendant;

    g) the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

        h)        the right not to testify and to have that choice not used against the defendant.

5. Pursuant to Rule 11(c)(1)(C), the defendant and the United States agree that, regardless of the applicable advisory Guidelines range, a sentence to **probation** is the appropriate disposition of this case. The length and terms of probation are to be determined by the Court, the Court may also order any lawful fine(s) and any special assessment fees as required by law, and order forfeiture as applicable and restitution as appropriate. In the event the Court declines to accept this agreement, either party will be free to withdraw from the plea agreement.

6. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 17 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offense(s), including violations of conditions of release or the commission of any additional offense(s) prior to sentencing, the United States will be free to decline to make such motion, to withdraw that motion if already made, and to recommend to the Court that the defendant not receive any reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

7. The defendant agrees to pay the special assessment in this case prior to sentencing.

8. Financial Obligations. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full

4

amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

      a)      If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

      b)      The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

      c)      If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's Office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

9. The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense(s) committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

a) The defendant will not file a direct appeal of the defendant's conviction(s) or sentence with one exception: The defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. The defendant also waives the right to appeal the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.

b) The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

c) The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

10. This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this

plea agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this plea agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

11. The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

12. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

FRANCIS M. HAMILTON, III
ACTING UNITED STATES ATTORNEY

9/15/21
Date

By: *(signature)*
J. CHRISTIAN LAMPE
Assistant United States Attorney

9-5-02
Date

*(signature)*
DONALD FEATHERS
Defendant

9/15/2021
Date

*(signature)*
G. NICHOLAS WALLACE
Attorney for the Defendant

8